

# CT Corporation

**Service of Process Transmittal**
05/04/2010
CT Log Number 516577588

MAY 0 7 2010

TO: Lisa M Yates
YRC Worldwide Inc.
1077 Gorge Blvd
Akron, OH 44310-

RE: **Process Served in Illinois**

FOR: YRC Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Lexington Insurance Company, a/s/o Champion Logistics Group Inc., etc., Pltfs. vs. YRC, Inc., etc., Dft. *Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Summons (2 sets), Complaint, Exhibit(s) |
| COURT/AGENCY: | Cook County Circuit Court - County Department - Law Division, IL Case # 2010L004926 |
| NATURE OF ACTION: | Monies Due and Owing - Breach of Contract - Failed to porperly store and secure the trailer containing cameras - Seeking $136,000.00 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/04/2010 at 14:00 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, not counting the day of service |
| ATTORNEY(S) / SENDER(S): | Megan E. Ritenour<br>Foran Glennon Palandech & Ponzi PC<br>222 North LaSalle<br>Suite 1400<br>Chicago, IL 60601<br>312-863-5075 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day , 790703790849<br>Image SOP |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Tim Light<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

MAY 1 2 2010

Page 1 of 1 / DT



EXHIBIT 1

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. _____

Lexington Insurance Company a/s/a Champion Logistics Group, Inc.
(Name all parties)
v.
YRC, Inc., f/k/a Yellow Roadway Corporation, a Delaware Corporation

2010L004926
CALENDAR/ROOM E
TIME 00:00
Property Damage

**SUMMONS**

To each Defendant: YRC, Inc.
c/o C T Corporation System, Registered Agent
208 S. LaSalle Street, Suite 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 38567
Name: Megan E. Ritenour, Foran Glennon Palandech & Ponzi PC
Atty. for: Plaintiff
Address: 222 North LaSalle Street, Suite 1400
City/State/Zip: Chicago, IL 60601
Telephone: (312) 863-5000

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, _____, _____

APR 27 2010

Clerk of Court
DOROTHY BROWN

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION, FIRST DISTRICT

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY a/s/o Champion Logistics Group Inc., an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>YRC, INC., f/k/a Yellow Roadway Corporation, a Delaware Corporation<br><br>Defendant. | Case No.: 2010L004926<br>CALENDAR/ROOM E<br>TIME 00:00<br>Property Damage<br><br>JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, LEXINGTON INSURANCE COMPANY, as subrogee of the Champion Logistics Group Inc., by and through its attorneys FORAN GLENNON PALANDECH & PONZI PC, and for its Complaint against Defendant, YRC, INC., a Delaware Corporation, states as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff Lexington Insurance Company (hereinafter, "Lexington") was a corporation organized and existing under the laws of Delaware, having its principal place of business located at 200 State Street, Boston, Massachusetts, and providing insurance products and services throughout the United States, including the State of Illinois.

2. Defendant YRC, Inc. (hereinafter, "YRC") is a Delaware Corporation with its principal place of business at 10990 Roe Ave., Overland Park, Kansas. At all times relevant hereto, YRC conducted business in Chicago Ridge, Illinois. Said business included the transportation of

{00315189.DOC /}

1

property throughout Illinois and the United States.

3. Champion Logistics Group Inc. (hereinafter, "Champion") is an Illinois Corporation with its principal place of business at 200 Champion Way, Northlake, Illinois. At all relevant times hereto, Champion conducted business in Illinois. Said business included the transportation of property throughout Illinois and the United States. At all times relevant hereto and on May 1, 2009, Champion held a property insurance policy through Lexington.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209 because this action arises out of the wrongful acts and omissions committed by the Defendant in the State of Illinois. The amount in controversy is over $100,000, exclusive of costs.

7. Pursuant to 735 ILCS 5/2-103, venue of this action is proper in Cook County, Illinois because the cause of action arose in Cook County, Illinois.

## FACTUAL ALLEGATIONS

8. This action arises out of damage to a shipment of Champion's Mino HD Video Cameras (hereinafter, "the cameras").at YRC's property on May 1, 2009.

9. Lexington was the property insurer for Champion at all times relevant to this proceeding and on May 1, 2009.

10. Pursuant to its policy of insurance with Lexington, Champion made a claim seeking indemnification and reimbursement for damages resulting from the subject property damage and loss. Lexington paid $136,000.00 to or on behalf of CPD for such property damage and loss.

11. In consideration of the payments made by Lexington, Champion subrogated to Lexington all rights, claims and interests it may have against any person or entity that may be liable

{ 00315189.DOC /}

for causing the reimbursed damages and loss to the Champion property.

12. Prior to May 1, 2009, Champion was retained by Best Buy to deliver a shipment of Mino HD Video Cameras ("the cameras" hereinafter).

13. Prior to May 1, 2009, Champion contracted with Defendant YRC for the transportation and delivery of the cameras from the Champion facility in Illinois to the Best Buy warehouse in New York.

14. Upon information and belief, YRC took possession of the cameras on or about April 30, 2009, signing a Bill of Lading specifically stating the number of cameras for delivery to Best Buy in New York. The Bill of Lading is attached hereto as Exhibit 1.

15. On or about May 1, 2009, YRC left the trailer containing the cameras unattended overnight at the YRC freight yard facility in Chicago Ridge, Illinois.

16. Upon information and belief, during the early morning of May 1, 2009, an unknown person removed a pallet of cameras from the loaded truck located at the YRC facility. It is unknown what happened to this pallet of cameras.

17. Upon information and belief, YRC transported the remaining cameras to the Best Buy facility in New York.

18. On or about May 1, 2009, upon arrival at the Best Buy facility, it was discovered that the truck was missing a pallet of cameras.

19. Defendant's failure to properly store and secure the trailer, containing the Champion cameras for delivery to Best Buy, while at its property overnight caused $136,000 in damages.

{00315189.DOC /}

3

## COUNT I
## BAILMENT

20. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

21. At all times relevant herein, Defendant YRC was a common carrier and/or freight forwarder that contracted with Champion for the safe transportation and delivery of the cameras.

22. On or about April 30, 2009, Champion placed the cameras into the care, custody and control of YRC for the purpose of transporting and delivering the cameras to New York.

23. Defendant accepted the cameras for the purpose of transporting and delivering the cameras to New York, thus creating a bailment whereby the Defendant became liable for the value of the cameras while under its care, custody and control.

24. Defendant owed a duty to Plaintiff, and Plaintiff's subrogee, to deliver the cameras to their destination in the same condition as when they were received.

25. Defendant YRC breached its duty by its failure to deliver the cameras in the same condition as when received, as the cameras were stolen while they were in Defendant's care, custody and control.

26. As a further direct, proximate, and legal result of the Defendant YRC's acts and/or omissions, more fully described above, Champion, and Plaintiff as its Insurer, suffered substantial losses and damage to its personal property in the amount of $136,000.00.

WHEREFORE, Plaintiff Lexington Insurance Company hereby demands judgment in its favor and against Defendant YRC, Inc. in an amount proved at trial together with pre and post judgment interest, costs, fees and such other damages as may be properly awarded by the Court.

{ 00315189.DOC / }

4

## COUNT II
## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

28. Defendant YRC owed certain duties to Champion and Plaintiff pursuant to the requirements of law, duties of the common law and statutes of the State of Illinois.

29. Defendant breached its duty to Plaintiff by the following acts and/or omissions constituting negligence and/or gross negligence, including but not limited to:

   a. Failing to provide for the safe keeping of Champion's cargo;

   b. Failing to deliver Champion's cargo in the same condition as when it was received;

   c. Failing to properly supervise the care and safe keeping of Champion's property;

   d. Failing to properly hire, supervise and/or train its employees, agents, and/or representatives including the employees, agents and/or representative of any connecting carriers;

   e. Failing to require its employees, agents, representatives and/or connecting carriers to secure its tractor-trailers in a reasonably safe manner to prevent unreasonable harm and/or theft of Plaintiff's property;

   f. Leaving the trailer unattended for several hours, exposing it and its contents to peril;

   g. Any other violations of Illinois law that become known through discovery;

   h. Any other acts and/or omissions that become known through the course of discovery.

30. As a further direct, proximate, and legal result of the Defendant YRC's negligent and/or grossly negligent acts and/or omissions, more fully described above, Champion, and Plaintiff as its Insurer, suffered substantial losses and damage to its personal property in the amount of $136,000.00.

{00315189.DOC /}

6

WHEREFORE, Plaintiff Lexington Insurance Company hereby demands judgment in its favor and against Defendant YRC, Inc. in an amount proved at trial together with pre and post judgment interest, costs, fees and such other damages as may be properly awarded by the Court.

## COUNT III
## BREACH OF CONTRACT AND WARRANTY

31. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 as though fully set forth herein..

32. The expressed and/or implied contract entered into between Champion and the Defendant YRC required the Defendant, upon acceptance of the cameras, to keep them safe and free from harm and to deliver the cameras in the same condition as when they were received.

33. Defendant breached its contract to Champion by failing to deliver the subject cameras as required under the contract.

34. As a further direct, proximate, and legal result of the Defendant YRC's breach of contract and breach of its express and/or implied warranties, more fully described above, Champion, and Plaintiff as its Insurer, suffered substantial losses and damage to its personal property in the amount of $136,000.00.

WHEREFORE, Plaintiff Lexington Insurance Company hereby demands judgment in its favor and against Defendant YRC, Inc. in an amount proved at trial together with pre and post judgment interest, costs, fees and such other damages as may be properly awarded by the Court.

{ 00315189.DOC /}

7

## COUNT IV
## LIABILITY UNDER THE CARMACK AMENDMENT

35. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 as though fully set forth herein..

36. At all times relevant herein, Defendant was a common carrier and/or freight forwarder that contracted with Champion to safely transport and deliver the cameras.

37. Prior to May, 1, 2009, Champion transferred the property in good condition into the care, custody, and control of YRC for the purpose of transporting and delivering it to its ultimate point of delivery in New York.

38. Defendant accepted the cameras for the purpose of transporting and delivering them, whereby Defendant became liable for the full value of the cameras while they were under Defendant's care, custody, and control.

39. Under the Carmack Amendment, Defendant owed a duty to Champion to deliver the cameras in the same condition as when they were when received.

40. Defendant breached its duty and violated the Carmack Amendment by its failure to deliver the cameras in the same condition as when received as contemplated between the parties and specifically, by allowing the cameras to be lost of stolen while in Defendant's care, custody and control.

41. Defendant is liable for the loss of the cameras under the Carmack Amendment.

42. As a further direct, proximate, and legal result of the Defendant YRC's violation of the Carmack Amendment, more fully described above, Champion, and Plaintiff as its Insurer,

{00315189.DOC /}

8

suffered substantial losses and damage to its personal property in the amount of $136,000.00.

WHEREFORE, Plaintiff Lexington Insurance Company hereby demands judgment in its favor and against Defendant YRC, Inc. in an amount proved at trial together with pre and post judgment interest, costs, fees and such other damages as may be properly awarded by the Court..

        Respectfully Submitted,

        LEXINGTON INSURANCE COMPANY, a/s/o
        Champion Logistics Group, Inc.,

        By: _____
                One of Its Attorneys

Megan E. Ritenour
FORAN GLENNON PALANDECH & PONZI PC
222 North LaSalle, Suite 1400
Chicago, Illinois 60601
Telephone: (312) 863-5075
Facsimile: (312) 863-5099
Firm No.: 38567
Email: MRitenour@fgpp.com

Dated: April 27, 2010

{00315189.DOC /}

9

| CHAMPION BILL #: 477495 | DATE SHIPPED: 05/01/09 |
|---|---|
| SHIPPER<br>CHAMPION LOGISTICS GROUP<br>200 CHAMPION WAY<br>NORTHLAKE, IL 60164<br>PH:708-562-4200 | CONSIGNEE<br>BEST BUY #781 NICHOLS NY<br>BEST BUY DC<br>455 STANTON HILL RD<br>NICHOLS, NY 13812<br>608-687-4142 |
| P.O. NUMBER: UYZRDD | B.O.L. NUMBER: 477495 |
| MANIFEST NUMBER: | CARRIER: YRC INC |
| TRLR NUMBER: | DELIVERY AGENT: YRC INC |
| If charges are to be prepaid, write or stamp here, "TO BE PREPAID".<br>TO BE PREPAID | c.o.d. charge to be paid by  shipper ☐  consignee ☐   C.O.D. $ AMOUNT |
| APPOINTMENT INFORMATION / SPECIAL INSTRUCTIONS<br>NO EXTRA SRVS W/O PRIOR WRITTEN AUTHO FROM CHAMPION<br>CALL FOR DELIVERY APPT.. PO# UYZRDD   MUST DEL BY 05/07/09 | Subject to Section 7 of Conditions of applicable bill of lading. If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement. The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.<br><br>(Signature of consignor)<br><br>NOTE-Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____ per _____ |
| TRADE SHOW INFORMATION: | |

| PCS | Kind of Package, Description of Articles, NMFC number, Special Marks, and Exceptions | CLASS | WEIGHT |
|---|---|---|---|
| 792 | ----- NMFC Subtotals -----<br>CAMCORDER NMFC 61266 | 300 | 645 |
| | YRC SHIPMENT STATUS, CALL 1-000-610-0500<br>3/02/09  300-907961-1<br>398 | | |
| 132 | MASTER CARTONS ON 1 PALLET | | 645 |

This is to certify that the above named articles are properly classified, described, packaged, marked, labeled, and are in proper condition for transportation, according to the applicable regulations of the Department of Transportation.

Shipper: Jim Krol   - ORD

| DOCK SIG | | DELIVERY SIGNATURE | |
|---|---|---|---|
| DATE/PCS | | | |
| AGENT SIG | [signature] | DATE AND PIECE COUNT | |
| DATE/PCS | 6WPTSTC/32PC | | |

5/1/09

STRAIGHT BILL OF LADING — ORIGINAL — NOT NEGOTIABLE
RECEIVED, subject to the classifications and lawfully filed tariffs on the date of the issue of this Bill of Lading